CaRütheRS, J.,
delivered the opinion of the Court.
This is an action of ejectment, brought by the defendant in error against the plaintiffs in error for a lot in the city of Memphis. In defence, the record of a suit in the Chancery Court at Somerville in 1845, in which the title was divested out of the plaintiff, is relied upon to defeat her action. If that decree was valid, the verdict and judgment for the plaintiff below was wrong, and must be reversed ; but if it be void, as held by his Honor, then the recovery was right. This, then, is the only question in the case. The grounds upon which that decree was held to be void, are: 1. That the infant had no guardian properly appointed to defend for her, or, rather, that Dela-field, who acted in that capacity, had no authority to do so, because, first, he was appointed ten or eleven days before service of process upon the infant, and, second, the appointment was made by the deputy clerk and master. Such are the facts upon the record, and the question is, do they render the decree void ?
That the Court had jurisdiction of the subject-matter and of the infant, as she was served with process personally, is not controverted; nor is the correctness of the decree against her upon the merits brought in question.
It is certainly the correct practice to have an infant party defendant, who has no regular guardian, in Court by the service and return of process, before a guardian ad litem is appointed. Until that is done, the infant is *379 not properly a party, nor is the attention of friends drawn to' the suit, so that the interest of the minor would have the protection of their watchful care, which is the principal object of requiring the personal service of process upon infants. The appointment, then, of Delafield was irregular and premature, the infant not then being a party in Court. But he was notified of his appointment, accepted it, and appeared in Court after the infant became a party by service, and assumed the trust assigned him as guardian. Conceding, then, that his appointment was irregular, and that the deputy clerk transcended his authority in making it, (if such he the fact, as to which no opinion is given,) is the decree rendered void thereby ? Proceedings in suits may he very irregular, and easily reversible in a Court of Errors, and yet not void, and consequently invulnerable to collateral attack.
It is well remarked by the Court in Britain vs. Oowen, 5 Humph., 319, that “we have strong motives of public policy to cherish substance more than forms, and to hesitate long, and insist upon a clear case, before we pronounce the decrees and judgments of our Courts of record void, when brought collaterally in question.”
Every consideration of public policy and individual security requires, where a Court of record acts upon and settles the rights of men, in cases where there is jurisdiction of the subject and person, that all may repose in safety and quiet upon such rights.
A Court of general jurisdiction is presumed to act correctly and upon sufficient grounds in all the intermediate steps as well as final determination of suits. But if the contrary should appear of record, (in the opinion of any other Court before which the record is proposed to he *380 used,) it would not affect the validity of the judgment or decree if the defect consisted only of irregularities and errors. Such defects may he grounds of reversal on appeal or writ of error in the same suit, hut do not render the decree void, or the rights derived under it unavailing.
A Court before which the records of another, having jurisdiction, are used, cannot review the proceedings to spy out irregularities that may have intervened, or erroneous orders that may have been made, or wrong conclusions arrived at. This is the province of a Court of revision, and no other ean notice their existence. As to all rights and interests arising under such judgments or decrees, they are as good and effectual as if such errors did not exist. If this were not so, every Court in which it might become necessary to use or rely upon a record from another, would become a Court of Errors, and there would be no certainty in titles or rights grounded on this, the highest of all assurances.
Whether, then, the Chancery Court at Somerville erred in the recognition of Helafield as guardian ad litem or not, or heard the cause without an order pro confesso, or decreed it without any proof, or upon proof illegally taken, are matters which cannot now be inquired into, as they do not avoid the decree. It is enough that the Court had jurisdiction of the subject and the party, to make the decree valid when it is brought in question collaterally. In 2 Meigs’s Dig., § 1171, the rule is correctly stated, and authorities cited.
His Honor therefore erred in rejecting this record or pronouncing it void, and the „ judgment must be reversed, and a new trial granted.